# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DEAN WHITE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No.: 1:21-cv-01561-SKO (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY DAY DEADLINE] |

Petitioner is committed to the Coalinga State Hospital as a Sexually Violent Predator and proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner filed the instant federal petition in this Court on October 22, 2021. (Doc. 1.) A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief and fails to demonstrate exhaustion of state remedies. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.      DISCUSSION**

　　A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

1

the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.      Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979). Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition does not present a cognizable claim for relief. Petitioner states he was sentenced to a six-year sentence by an unidentified court on October 21, 1994. It appears he is presently committed at Coalinga State Hospital pursuant to California's Sexually Violent Predator Act. However, it is unclear whether he is challenging his current confinement or the prior 1994 conviction in the unidentified court. In the space provided to state a ground for relief, Petitioner states his right to a jury trial under the Sixth and Fourteenth Amendments were violated. (Doc. 1 at 5.) Petitioner does not state with any clarity *how* his rights were violated. He vaguely claims that the cases of Gomez, Blakely, and Apprendi support his claims but he fails to state how and why. (Doc. 1 at 3.) The claim as stated is completely insufficient. In the space provided to state the second claim for relief, Petitioner simply alleges that the ground has merit. (Doc. 1 at 4.) The claim is conclusory and does not make sense. Petitioner fails to set forth the nature of his relief, let alone why it has merit.

In an attachment to the petition, Petitioner lists another claim for relief as "Ground 2." (Doc. 1 at 17.) It is unclear whether this is one of Petitioner's grounds for relief. Petitioner contends the sentencing court violated his right to a jury trial under the Sixth and Fourteenth Amendments to the Constitution by using factors other than those pled by Petitioner, to unlawfully enhance his sentence

beyond the statutory maximum in violation of Apprendi/Blakely/Cunningham. However, this claim is directed at the underlying 1994 criminal conviction, and the statute of limitations has long since expired to challenge that conviction given that the six-year sentence expired over two decades ago. See 28 U.S.C. § 2244(d)(1) (AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus).

Petitioner fails to set forth any grounds for relief with any specificity and he fails to support his claims with sufficient facts. Therefore, the petition should be dismissed.

C.  Failure to Exhaust State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the

> prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

In his petition, Petitioner indicates he has not sought relief in the California Supreme Court. (Doc. 1 at 5.)  Thus, his claims are unexhausted and the petition should be dismissed.  28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

### D. Conclusion

The instant petition should be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated, and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

/////

/////

/////

4

## II.     ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim and failure to exhaust state remedies; and
2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated:     **January 11, 2022**                          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE