UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DEAN WHITE,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>              Respondent. | No. 1:21-cv-01561-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 7)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Petitioner Roger Dean White is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 15, 2022, the assigned Magistrate Judge issued findings and recommendations to dismiss the petition for failure to present any cognizable grounds for relief and for failure to exhaust state remedies. (ECF No. 7.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Petitioner did not file any objections until April 25, 2022, exceeding the March 1, 2022, filing deadline. (ECF No. 8.)

///

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Even if the Court were inclined to consider Petitioner's untimely objections, the two-page document provided fails to address why this Court should not accept the Magistrate Judge's recommendation to dismiss for failing to amend the petition. Nor do Petitioner's objections address the underlying deficiencies of the initial petition: the failure to state a cognizable claim for relief and the failure to exhaust state remedies.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a District Court's denial of his petition, and an appeal is allowed in only certain circumstances. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

///

///

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

  In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

  Accordingly,

1. The findings and recommendations issued on February 15, 2022 (ECF No. 7), are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to enter judgment and close the case; and

///
///
///
///
///
///

4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   October 5, 2022

UNITED STATES DISTRICT JUDGE

4